**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 98-50164
Summary Calendar
_____

CECELIA AGUILAR,

Plaintiff-Appellant,

versus

KENNETH S. APFEL,
COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

Appeal from the United States District Court
for the Western District of Texas
USDC No. A-95-CV-842

September 30, 1998

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Cecelia Aguilar appeals from the district court's decision affirming the Commissioner of Social Security's determination that Aguilar is not disabled within the meaning of the Social Security Act. She argues that the Administrative Law Judge (ALJ) improperly identified jobs that she could do that had "virtually

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the same requirements as those jobs he found her unable to perform." This contention is belied by the record. The vocational expert characterized her past work as medium level work, whereas the jobs that he identified she could perform are light level work. Aguilar also contends that the ALJ made a "very significant error which is a basis for remand" when the ALJ mistakenly found that Aguilar had a general equivalency diploma (GED). Aguilar testified at her hearing that she had completed the tenth grade and that she had not earned a GED. The ALJ's hypothetical to the vocational expert assumed that Aguilar had a tenth grade education and made no mention of a GED. Although the ALJ's written decision does state that Aguilar "has a tenth grade education and a high school GED equivalency diploma," Aguilar fails to show how this error affected the ALJ's disability finding, especially in light of the fact that there was no defect in the ALJ's hypothetical.

Aguilar also suggests that the ALJ erred in relying on a consultative examination performed on March 8, 1994, because that examination did not take all of her ailments into account. However, the record reflects that the ALJ, in determining the nature and extent of Aguilar's ailments, also considered Aguilar's outpatient records and various other evaluations, including her psychiatric consultative evaluation. No physician who examined Aguilar pronounced her disabled. As to Aguilar's assertion that the ALJ failed to consider properly her chronic pain, the record indicates that the ALJ specifically addressed

this issue.  The determination that the medical evidence is more persuasive than Aguilar's own testimony is precisely the kind of determination that the ALJ is best suited to make.  *See Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994).

AFFIRMED.